

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*Sean M. Sherman*
*Assistant U.S. Attorney*

*970 Broad Street*
*Newark, New Jersey  07102*

*Direct: (973) 645-2733*

2015R00392

January 23, 2020

Alain V. Massena, Esq.
Massena Law, P.C.
305 Broadway, Suite 1001
New York, NY 10007

Re:  Plea Agreement with Bradford Ahyoung

Dear Mr. Massena:

This letter sets forth the plea agreement between your client, Bradford Ahyoung ("AHYOUNG"), and the United States Attorney for the District of New Jersey ("this Office"). The Office's offer to enter into this plea agreement will expire on January 30, 2020, if a signed copy is not received by this Office on or before that date.

Charge

Conditioned on the understandings specified below, this Office will accept a guilty plea from AHYOUNG to a one-count Information charging him with conspiracy to transact in criminal proceeds, contrary to 18 U.S.C. § 1957, in violation of 18 U.S.C. § 1956(h). If AHYOUNG enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against AHYOUNG for his role in a scheme to commit wire fraud, and to launder or otherwise transact in criminal proceeds resulting from the same, from on or about May 7, 2015, through on or about May 13, 2015. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, AHYOUNG agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by AHYOUNG may be commenced against him, notwithstanding the expiration of the limitations period after AHYOUNG signs the agreement.

<u>Sentencing</u>

The violation of 18 U.S.C. § 1956 to which AHYOUNG agrees to plead guilty carries a statutory maximum penalty of 10 years' imprisonment and a statutory maximum fine equal to the greatest of: (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The sentence to be imposed upon AHYOUNG is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines.   The United States Sentencing Guidelines are advisory, not mandatory.  The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine.  This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence AHYOUNG ultimately will receive.

Further, in addition to imposing any other penalty on AHYOUNG, the sentencing judge: (1) will order AHYOUNG to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order AHYOUNG to pay restitution pursuant to 18 U.S.C. § 3663 et seq.; (3) must order forfeiture pursuant to 18 U.S.C. § 982(a)(1); and (4) pursuant to 18 U.S.C. § 3583, may require AHYOUNG to serve a term of supervised release of not more than 3 years, which will begin at the expiration of any term of imprisonment imposed.   Should AHYOUNG be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, AHYOUNG may be sentenced to not more than 2 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

<u>Rights of This Office Regarding Sentencing</u>

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on AHYOUNG by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full

nature and extent of AHYOUNG's activities and relevant conduct with respect to this case.

Stipulations

This Office and AHYOUNG agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or AHYOUNG from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and AHYOUNG waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Forfeiture

As part of his acceptance of responsibility, AHYOUNG agrees to forfeit to the United States (i) pursuant to 18 U.S.C. § 982(a)(1), any property, real or personal, involved in the offense charged in the Information or any property traceable to such property (the "Forfeitable Property").

AHYOUNG agrees that as part of his acceptance of responsibility and pursuant to 18 U.S.C. § 982(a)(1), AHYOUNG will consent to the entry of a forfeiture money judgment for the total amount of the proceeds he obtained as a result of the commission of the offense charged in the Information, and consents

to the entry of a forfeiture money judgment in that amount (the "Forfeiture Money Judgment"). AHYOUNG also agrees, as part of his acceptance of responsibility, to the forfeiture of all property, real or personal, that constitutes or is derived from proceeds traceable to the conduct charged in the Information. AHYOUNG further agrees to fully cooperate with the Office in establishing a payment plan, surrendering assets, or in any other action taken by the Office to satisfy the Forfeiture Money Judgment.

Pursuant to Federal Rule of Criminal Procedure 32.2(b)(3), upon entry of a preliminary order of forfeiture, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of the Forfeitable Property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

AHYOUNG waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. AHYOUNG understands that the forfeiture of any property that may be identified subsequent to the date of this agreement, is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. It is further understood that any forfeiture of AHYOUNG's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture. AHYOUNG hereby waives any and all claims that the forfeiture constitutes an excessive fine and agrees that the forfeiture does not violate the Eighth Amendment.

AHYOUNG represents that he has disclosed all of his assets to the United States on the Financial Disclosure Statement he submitted to the Office. AHYOUNG agrees that if this Office determines that AHYOUNG has intentionally failed to disclose assets on that Financial Disclosure Statement, that failure constitutes a material breach of this agreement. In addition, AHYOUNG consents to the administrative, civil, and/or criminal forfeiture of his interests in any assets that he failed to disclose on the Financial Disclosure Statement. Should undisclosed assets that AHYOUNG owns or in which AHYOUNG has an interest be discovered, AHYOUNG knowingly and voluntarily waives his right to any required notice concerning the forfeiture of said assets. AHYOUNG further agrees to execute any documents necessary to effectuate the forfeiture of said assets. In addition, AHYOUNG agrees to submit to a recorded deposition under oath regarding the sources of funds paid to his, directly or indirectly, and their disposition, if requested by this Office.

- 4 -

Immigration Consequences

AHYOUNG understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. AHYOUNG understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. AHYOUNG wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. AHYOUNG understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, AHYOUNG waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against AHYOUNG. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against AHYOUNG.

No provision of this agreement shall preclude AHYOUNG from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that AHYOUNG received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the plea agreement between AHYOUNG and this Office and supersedes any previous agreements between them.   No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

Craig Carpenito
United States Attorney

By:  SEAN M. SHERMAN
Assistant U.S. Attorney

APPROVED:

MELISSA WANGENHEIM
Chief, Opioid Abuse Prevention
  & Enforcement Unit

I have received this letter from my attorney, Alain V. Massena, Esq. I have read it.  My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture and immigration consequences.  I understand this letter fully.  I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties.   I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.  I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:


_____                    Date:    1/28/2020
Bradford Ahyoung


I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture and immigration consequences.  My client understands this plea agreement fully and wants to plead guilty pursuant to it.


_____                    Date:  1/28/ 2020
Alain V. Massena, Esq.

Plea Agreement With Bradford Ahyoung ("AHYOUNG")

Schedule A

1. This Office and AHYOUNG recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and AHYOUNG nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence AHYOUNG within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and AHYOUNG further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2. The version of the United States Sentencing Guidelines effective November 1, 2018 applies in this case.

3. The base offense level pursuant to U.S.S.G. § 2S1.1(a)(2) is 8, plus the number of offense levels from the table set forth in U.S.S.G. § 2B1.1. Within the meaning of U.S.S.G. § 2B1.1, the total loss was more than $40,000, but not more than $95,000, and this amount shall be considered relevant conduct, resulting in an increase of 6 levels. Thus, the total base offense level is 14. *See* U.S.S.G. § 2B1.1(b)(1)(D).

4. No other Specific Offense Characteristics apply. Accordingly, the total offense level is 14.

5. As of the date of this letter, it is expected that AHYOUNG will enter a plea of guilty prior to the commencement of trial, will truthfully admit his involvement in the offenses and related conduct, and will not engage in conduct that is inconsistent with such acceptance of responsibility. If all of these events occur, and AHYOUNG's acceptance of responsibility continues through the date of sentencing, a downward adjustment of 2 levels for acceptance of responsibility will be appropriate. See U.S.S.G. § 3E1.1(a) and Application Note 3.

6. In accordance with the above, the parties agree that the total Guidelines offense level applicable to AHYOUNG is 12 (the "agreed total Guidelines offense level").

7. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level of 12 is reasonable.

8. AHYOUNG knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18

- 8 -

U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 12. This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 12. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

9. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.